UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BASIL PERRY, #261718,

       Plaintiff,                            Civil Action No. 16-14515
                                                            Honorable Denise Page Hood
                                                            Magistrate Judge David R. Grand
v.

CORIZON HEALTH, INC. and
PATRICIA A. CARTER,

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT
CORIZON HEALTH, INC.'S MOTION TO DISMISS (Doc. #18)**

This is a prisoner civil rights case commenced by *pro se* Plaintiff Basil Perry ("Perry") on December 28, 2016, against Defendants Corizon Health, Inc. ("Corizon") and Patricia A. Carter ("Carter"). An Order of Reference was entered on January 24, 2017, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b). (Doc. #26). Presently before the Court is a Motion for Dismiss filed by Corizon on April 19, 2017. (Doc. #18). On May 11, 2017, Perry filed a response to this motion, and Corizon filed a reply on May 24, 2017. (Docs. #21, 22). Generally, the Court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* E.D. Mich. L.R. 7.1(f). Having reviewed the pleadings and other papers on file, the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

**I.**    **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Corizon's Motion to Dismiss **(Doc #18)** be **GRANTED**.

1

**II.     REPORT**

   **A.     Factual Background**

   *1.  The Parties*

Perry is currently incarcerated by the Michigan Department of Corrections ("MDOC"). At all relevant times to the complaint, Perry was confined in either the St. Louis Correctional Facility in St. Louis, Michigan ("SLF"), or the Gus Harrison Correctional Facility in Adrian, Michigan ("ARF"). Corizon is a private entity retained by the State of Michigan to provide medical services to prison inmates.

   *2.  Perry's Complaint*

On December 28, 2016, Perry commenced this action by filing a *pro se* civil rights complaint against Corizon and Patricia Carter, R.N.,[1] alleging violations of his rights under the Eighth and Fourteenth Amendments of the United States Constitution. (Doc. #1 at 4). Perry alleges that he was diagnosed with an enlarged prostate and prostate cancer in June of 2009 and that a date for prostate surgery was scheduled for March of 2010. (*Id.* at 3). Perry claims that the MDOC informed him that Corizon "refused to authorize payment for, or proceed with the surgery." (*Id.*). Perry alleges that "nothing was done in the months that followed," and that he developed a "urine infection" in 2011. (*Id.*). Perry then was taken to Gratiot Hospital in St. Louis, Michigan where a catheter was installed and remained in him for 3 months. (*Id.*).

In September of 2015, Perry was transferred to ARF. (*Id.*). According to Perry, he was experiencing difficulties passing urine and was taken to Duane Waters Hospital in Jackson, Michigan where a second catheter was installed. (*Id.*). He next claims that he was taken to Allegiance Hospital in Jackson, Michigan for another biopsy in December of 2015, and was

---

[1] Carter filed a separate motion to dismiss on June 2, 2017. (Doc #23). That motion, which is not yet fully briefed, will be addressed separately.

given Flomax to reduce the size of his prostate after the results of the biopsy were identical to the June 2009 results identifying the existence of both an enlarged prostate and prostate cancer. (*Id*.). Perry then alleges that in March of 2016, he was taken to Allegiance Hospital for a third biopsy, which again indicated an enlarged prostate and prostate cancer. (*Id*.).

Perry alleges that a catheter remained in his body from September 2015 until the day of his prostate surgery at Allegiance Hospital on June 2016. (*Id*.). According to Perry, "Dr. Pinson, the doctor who performed the surgery, told me that the catheter had remained in me far too long." (*Id*.). Perry also alleges that the size of his prostate caused damage to his body when it was being removed during surgery, and that he continues to have urinary problems. (*Id*.).

Perry alleges that he sent several Health Care Request forms to "Health Care" at ARF describing his problems, and that Carter, a registered nurse, "was basically as indifferent to my serious medical needs as … [Corizon] had been for the period from 2009 until 2016, when the surgery was finally performed." (*Id*. at 3, 4). Perry alleges that Corizon's delay in approving his surgery constitutes deliberate indifference to a serious medical need, and claims that he would not have his current medical problems if the Corizon would have approved his original surgery date.[2] (*Id*. at 4).

### B. Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim

---

[2] At one point in his complaint, Perry alleges that his original surgery date "was set for approximately March of 2010." (Doc. #1 at 3). Later, he alleges that his original surgery date was "in 2011." (*Id*. at 4).

3

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Furthermore, a court is not required "to create a claim which [a plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975) (internal quotations omitted). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a content-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants]… is not boundless," *Martin v.*

4

*Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and their "complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11424, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

**C. Analysis**

In its motion, Corizon argues that Perry's complaint should be dismissed because he failed to plead allegations of fact sufficient to state a claim against it for deliberate indifference. (Doc. #18 at 11).

A private entity employed by the state to provide medical services to prison inmates (such as Corizon) may be sued under § 1983 for constitutional violations. *See West v. Atkins*, 487 U.S. 42, 54 (1988). However, such an entity may not be held vicariously liable for the constitutional violations of its agents on the basis of *respondeat superior*. *See Jones v. Prison Health Servs.*, 2011 WL 7630364, at *2 (E.D. Mich. Dec. 14, 2011) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). Thus, in order to establish Corizon's liability for a constitutional violation under § 1983, Perry must have alleged facts sufficient to show that Corizon took a "deliberate action" that "caused a deprivation of federal rights." *Jones*, 2011 WL 7630364, at *2; *Iqbal*, 556 U.S. at 678. Pursuant to *Monell*, Perry must allege facts establishing that Corizon had a policy, custom, or practice that resulted in a violation of his constitutional rights. *Id.* There must also be an "affirmative link between the policy and the particular constitutional violation." *Id*. Thus, to support his claim against Corizon, Perry must properly allege that his Eighth Amendment rights were violated and that the violation was due to Corizon's policy, custom, or practice.

The *Jones* case is analogous, and demonstrates why Perry's complaint fails to adequately state a claim for relief against Corizon. In *Jones*, a prisoner brought suit against Prisoner Health

Services ("PHS"), a private entity, alleging violations of his Eighth Amendment rights. *Jones*, 2011 WL 7630364, at *1. Jones had complained of a doctor delaying treatment and individual defendants violating MDOC procedures. *Id*. at 2. However, because Jones did not allege that PHS had a policy or practice that resulted in the constitutional violation, nor link the policy or practice to the constitutional violations by the individual defendants to PHS, the court determined that Jones failed to state a claim against PHS. *Id*. In addition, the court noted that Jones' complaint was "premised on nothing more than respondeat superior liability," and thus, granted PHS's motion to dismiss. *Id*.

Here, like the plaintiff in *Jones*, Perry failed to allege any facts which could show that Corizon, through a policy, custom, or practice, was itself deliberately indifferent to his constitutional rights. First, Perry at most alleges that Corizon violated his Eighth Amendment rights because certain of its unspecified employees refused to authorize the surgery he claims he had been recommended to undergo, and instead provided him with conservative methods of treatment. (Docs. #1 at 3, #21 at 8, 11). But the premise that Corizon should be held liable for its employees' decisions simply misstates the law. As noted above, a private entity like Corizon may not be held vicariously liable for the constitutional violations of its agents on the basis of *respondeat superior*. *See Jones*, 2011 WL 7630364, at *2. Second, and relatedly, even assuming the medical care provided to Perry was untimely or inadequate, he failed to allege facts showing that the medical providers who made the challenged decisions acted pursuant to a policy or custom adopted by Corizon. *See Maldonadodeher v. Corizon Med. Servs., Inc.*, No. 2:16-CV-21, 2016 WL 6208705, at *2 (W.D. Mich. Aug. 11, 2016), report and recommendation adopted, No. 2:16-CV-21, 2016 WL 6161558 (W.D. Mich. Oct. 24, 2016) ("A plaintiff that sues a private or public corporation for constitutional violations under § 1983 must establish that a policy or

6

custom caused the alleged injury.  The Sixth Circuit has specifically held that like a municipal corporation, a private corporation's 'liability must also be premised on some policy that caused a deprivation of [a prisoner's] Eighth Amendment rights.'  Plaintiff's complaint fails to set forth any policy on the behalf of Corizon that caused the alleged deprivation of his rights…Corizon is entitled to dismissal…") (internal citations omitted).

Perry's argument in opposition to Corizon's motion does not change the analysis.  Perry argues that "the M.D.O.C. was acting as an agent on Corizon's behalf.  Although it is a private entity, Corizon can be held liable under § 1983 if its actions are 'fairly attributable to the state.'" (Doc. #21 at 11) (quoting *Lindsey v. Detroit Entertainment, LLC*, 484 F.3d 824, 827 (6th Cir. 2007)).  But *Lindsey* is inapposite because it simply addressed the requirement that, "[i]n order to prevail on a § 1983 claim, [a plaintiff] must demonstrate that Defendant deprived [him] of [his constitutional rights] under color of state law."  *Lindsey*, 484 F.3d at 827.  Here, Corizon does not argue that it was not a "state actor" for purposes of being potentially liable under Section 1983.  Again, the issue is that Perry failed to plead sufficient factual allegations of wrongful conduct by Corizon to overcome its motion to dismiss.  Accordingly, Corizon's motion to dismiss should be granted.

### III.    Conclusion

For the reasons stated above, the Court **RECOMMENDS** that Corizon's Motion to Dismiss **(Doc. #18)** be **GRANTED**.

Dated: June 13, 2017                                    s/David R. Grand
Ann Arbor, Michigan                                     DAVID R. GRAND
                                                        United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 13, 2017.

                                                          s/Eddrey O. Butts
                                                          EDDREY O. BUTTS
                                                          Case Manager