UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BASIL PERRY, #261718,

       Plaintiff,                                        Civil Action No. 16-14515
                                                            Honorable Denise Page Hood
                                                            Magistrate Judge David R. Grand

v.

CORIZON HEALTH, INC. and
PATRICIA A. CARTER,

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT
PATRICIA A. CARTER'S MOTION TO DISMISS (Doc. #23)**

This is a prisoner civil rights case commenced by *pro se* Plaintiff Basil Perry ("Perry") on December 28, 2016, against Defendants Patricia A. Carter ("Carter") and Corizon Health, Inc. ("Corizon").[1] An Order of Reference was entered on January 24, 2017, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b). (Doc. #7). Presently before the Court is Carter's Motion to Dismiss, to which Perry filed a response. (Docs. #23, #26). No reply was filed. Generally, the Court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* E.D. Mich. L.R. 7.1(f). The Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

**I.  RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Carter's Motion to Dismiss **(Doc #23)** be **GRANTED**.

---

[1] On June 13, 2017, the undersigned filed a Report and Recommendation to grant Corizon's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 25).

## II. REPORT

### A. Factual Background

#### 1. *The Parties*

At all relevant times to the complaint, Perry was confined in either the Michigan Department of Corrections' ("MDOC") St. Louis Correctional Facility in St. Louis, Michigan ("SLF"), or Gus Harrison Correctional Facility in Adrian, Michigan ("ARF"). Patricia Carter, R.N., is a registered nurse who works at ARF. (Doc. #23 at 7).

#### 2. *Perry's Complaint*

On December 28, 2016, Perry commenced this action by filing a *pro se* civil rights complaint against Carter and Corizon, alleging violations of his rights under the Eighth Amendment of the United States Constitution.[2] (Doc. #1 at 4). Perry alleges that he was diagnosed with an enlarged prostate and prostate cancer in June of 2009, and that a date for prostate surgery was scheduled for March of 2010. (*Id.* at 3). Perry claims that the MDOC informed him that Corizon "refused to authorize payment for, or proceed with the surgery." (*Id.*). Perry alleges that "nothing was done in the months that followed," and that he developed a "urine infection" in 2011. (*Id.*). Perry then was taken to Gratiot Hospital in St. Louis, Michigan, where a catheter was installed and remained in him for 3 months. (*Id.*).

In September of 2015, Perry was transferred to ARF. (*Id.*). He experienced difficulties passing urine and was taken to Duane Waters Hospital in Jackson, Michigan where a second catheter was installed. (*Id.*). He next claims that he was taken to Allegiance Hospital in Jackson,

---

[2] In the relief section of his complaint, Perry also asserts that his Fourteenth Amendment rights were violated. (Doc. #1 at 4). However, Perry never mentions the Fourteenth Amendment in the body of his complaint, and its factual allegations, which speak only to an alleged denial of medical care, do not implicate Fourteenth Amendment rights. Accordingly, to the extent Perry intended to assert a separate Fourteenth Amendment claim against Carter, it should be dismissed.

Michigan for another biopsy in December of 2015, and was given Flomax to reduce the size of his prostate after the results of the biopsy were identical to the June 2009 results identifying the existence of both an enlarged prostate and prostate cancer. (*Id*.). Perry then alleges that in March of 2016, he was taken to Allegiance Hospital for a third biopsy, which again indicated an enlarged prostate and prostate cancer. (*Id*.).

Perry alleges that a catheter remained in his body from September 2015 until the day of his prostate surgery at Allegiance Hospital in June 2016. (*Id*.). According to Perry, "Dr. Pinson, the doctor who performed the surgery, told [him] that the catheter had remained in [him] far too long." (*Id*.). Perry also alleges that the size of his prostate caused damage to his body when it was removed during surgery, and that he continues to have urinary problems. (*Id*.).

Perry alleges that he sent several Health Care Request forms ("kites") to "Health Care" at ARF describing his problems, and that each kite was answered by Carter who "was basically as indifferent to [his] serious medical needs as … [Corizon] had been for the period from 2009 until 2016, when the surgery was finally performed." (*Id*. at 3, 4). This is Perry's only reference to Carter in his complaint. Perry then alleges that he would not have his current medical problems if Corizon would have approved have approved his original surgery date.[3] (Doc. #1 at 4).

### B. Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim

---

[3] At one point in his complaint, Perry alleges that his original surgery date "was set for approximately March of 2010." (Doc. #1 at 3). Later, he alleges that his original surgery date was "in 2011." (*Id*. at 4).

3

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint[4] as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

---

[4] A reviewing court's consideration of a motion to dismiss under Rule 12(b)(6) is ordinarily confined to the pleadings. *Jones v. Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). Thus, assessment of the complaint's facial sufficiency ordinarily must be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). However, in addition to the complaint's allegations, the Court may also consider "any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). All of the materials cited herein satisfy these standards.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11424, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

**C. Analysis**

In her motion, Carter argues that Perry's complaint should be dismissed because he failed to plead allegations of fact sufficient to state a claim against her for deliberate indifference.[5] (Doc. #23 at 4, 11). Perry brings his claims under 42 U.S.C. § 1983, which creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. *See Baker v. McCollan*, 443 U.S. 137. A Section 1983 claim must allege two elements: "1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

Reading his complaint generously, Perry appears to assert that Carter's alleged failure to provide certain medical care violated his Eighth Amendment right to be free from cruel and unusual punishment. The Eighth Amendment's Cruel and Unusual Punishment Clause prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain" upon inmates. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (internal citations omitted). "'Deliberate indifference' by prison officials to an inmate's serious medical needs constitutes

---

[5] Carter also argues that that she is entitled to both qualified immunity and Eleventh Amendment immunity. (Doc. #23 at 4). However, because, for the reasons discussed below, the Court is recommending that her motion to dismiss be granted because Perry failed to state a claim, the Court need not consider these additional arguments.

'unnecessary and wanton infliction of pain' in violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

The Sixth Circuit has succinctly explained the standards that a plaintiff must satisfy to state a claim for deliberate indifference to his serious medical needs:

> A claim of deliberate indifference under the Eighth Amendment has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." Mere negligence will not suffice. Consequently, allegations of medical malpractice or negligent diagnosis and treatment generally fail to state an Eighth Amendment claim of cruel and unusual punishment.

*Broyles v. Corr. Med. Servs., Inc.*, 478 F. App'x 971, 975 (6th Cir. 2012) (internal citations omitted).

Moreover, a plaintiff must demonstrate that a prison official knew of and disregarded an excessive risk to inmate health or safety by showing that (1) the official was aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and (2) the official actually drew the inference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). As the Sixth Circuit has recognized, the requirement that the official subjectively perceived a risk of harm and then disregarded it is "meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). The *Comstock* court further explained:

> When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate

6

> indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation. On the other hand, a plaintiff need not show that the official acted 'for the very purpose of causing harm or with knowledge that harm will result.' Instead, 'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'

(*Id*.) (internal citations omitted). Thus, dismissal for failure to state a claim is warranted where the essence of the prisoner's deliberate indifference claim is that he disagrees with a member of the prison medical staff's approach to his treatment. *See White v. Corr. Med. Servs.*, 94 F. App'x 262 (6th Cir. 2004). Courts distinguish between "cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (internal quotations omitted). While the former cases may evidence the type of culpability required to state a deliberate indifference claim, the latter amount to assertions of medical negligence and do not satisfy the requisite subjective component of such claims. *Id.* Under these standards, Perry has failed to allege sufficient facts to state a claim for deliberate indifference against Carter.

Perry's complaint makes only vague and conclusory allegations that Carter denied him medical care in violation of the Eighth Amendment. The only allegations in Perry's complaint which even mention Carter are: (1) Perry "sent several Health Care Request [kites] to Health Care," and that "[e]ach kite was answered by Patricia A. Carter, RN"; and (2) notwithstanding her responses, Carter "was basically as indifferent to [his] serious medical needs as . . . [Corizon] had been for the period from 2009 until 2016, when the surgery was finally performed." (Doc. #1 at 3, 4). These allegations fail to state a claim for relief under the pleading standards discussed above.

Perry's mere characterization of Carter's conduct as "indifferent" is inadequate to state a claim for relief. *See Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555. He also fails to

7

specify how Carter's answers to his kites showed any "indifference" towards his medical needs, or what Carter could or should have done differently. This, too, is fatal to Perry's deliberate indifference claim against Carter as he was required to identify how she, through her "own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. *See also, Bradford v. Albercook*, No. 16-CV-12214, 2017 WL 782269, at *2 (E.D. Mich. Jan. 23, 2017) (inmate's conclusory allegation that "[i]nadequate medical care by [the prison doctor]" violated his "Eight[h] Amendment right to have adequate medical care" failed to "sufficiently explain[] what [the doctor] allegedly did to violate Plaintiff's constitutional or statutory rights . . .").

Moreover, the very records that Perry attached to his complaint refute any suggestion that Carter was deliberately indifferent to a serious medical need, and indeed show she was attentive to those needs. For example, according to these documents, Perry sent a medical kite on November 1, 2015, stating: "[I] went to [Duane Waters Hospital] 3 weeks ago to schedule a biopsy. Still no biopsy. [T]he catheter is causing bleeding when I lie down and when I sit down the catheter is scraping against my bladder, causing me to bleed for the past 2 weeks." (Doc. #1 at 15). On that same day, Perry received a kite response from Carter, indicating that his biopsy had been approved and scheduled on a date "before the new year." (*Id.*). Carter further stated that a nurse visit would be scheduled to assess his bleeding complaint. (*Id.*). Although a nurse visit was scheduled to be held on November 3, 2015, just two days after Perry's kite request, Perry failed to attend his appointment. (*Id.* at 9, 12). The records submitted by Perry further indicate that Perry was seen by a medical provider on November 20, 2015, and taken to Allegiance Hospital for a biopsy on December 2, 2015, a date that was indeed well "before the new year," as Carter had indicated. (*Id.* at 3, 10).

On January 8, 2016, Perry sent another kite complaining of "penile pain." (*Id*. at 14). In that kite, Perry stated that his infection was "getting worse" and that he wanted to see a doctor. (*Id*.). That same day, Carter responded to Perry's kite stating, "[n]ext MD visit is not until [the] end of the month. Will have you see nursing to see if you need to be referred to [the doctor] sooner." (*Id*.). Carter then facilitated a nurse sick call visit for a few days later, "approx[imately] January 11, 2016." (*Id*.).

Thus, far from alleging that Carter consciously disregarded Perry's medical needs or acted with ill will toward him, Perry's own complaint and exhibits show that Carter did not refuse to provide him with medical care. Rather, they show that Carter took action to address Perry's concerns, albeit perhaps not in the exact fashion Perry would have liked. Accordingly, Perry has failed to allege facts sufficient to establish the subjective prong of an Eighth Amendment claim against Carter. *See Weatherspoon v. Lnu*, No. CV 14-12789, 2016 WL 5939158, at *4 (E.D. Mich. July 19, 2016) (finding "there can be no constitutional violation" where inmate admitted that prison medic "provided him with medical attention on the date in question" and "took immediate action to secure additional medical attention for [him]."); *Ward v. Corizon Health, Inc.*, No. 15-CV-11902, 2016 WL 4224973, at *5 (E.D. Mich. July 12, 2016) (defendant prison nurse's response to health care kite showed that plaintiff inmate had not alleged a "complete denial of medical care," as is necessary to support an Eighth Amendment deliberate indifference claim).

Finally, Perry's argument that the delay in treatment has caused him to suffer, and that his requests for treatment were either "denied, delayed, or ignored," does not change the above analysis. (Doc. #26 at 10). According to Perry, "it was [Carter's] answer [to his kites] that did indeed show that she was ignoring his concerns by stating that there was nothing to be done

9

about his complaints" and that the "tone of the responses to the healthcare requests were such as to amount to telling [Perry] that he might as well quit writing them, as nothing was going to be done regarding them." (*Id*. at 11). Perry further alleges that his "medical needs were sufficiently serious enough that [Carter] recognized the necessity for a doctor's attention" because his medical records indicate that he went to the emergency room on one occasion and that she "disregarded obvious symptoms of distress by refusing to forward his healthcare request to the appropriate medical personnel." (*Id*. at 11-13).

Even assuming that the Court considers these allegations – which were raised, for the first time, in Perry's response brief and do not appear in Perry's complaint – they are also insufficient to state a claim for deliberate indifference. First, Perry's own documents belie his characterization of the "tone" and import of Carter's kite responses, and establish that she acted timely and did not "ignore" his needs. Second, Perry cannot make out an Eighth Amendment deliberate indifference claim on the basis that Carter was merely aware of Perry's serious medical need. *Modd v. Cty. of Ottawa*, No. 1:10-CV-337, 2010 WL 5860425, at *5 (W.D. Mich. Aug. 4, 2010) ("The only allegation pertaining to Barr's knowledge is the general assertion that 'all' defendants somehow knew of plaintiff's condition and his need for medical help. This sort of vague pleading is precisely the type condemned by the Supreme Court in *Twombly* and *Iqbal*."). In order to satisfy the requisite standards, Perry needed to allege *facts* which show Carter subjectively perceived a substantial risk to Perry's health, "yet recklessly disregard[ed] the risk by failing to take reasonable measures to abate it." *See Broyles*, 478 F. at 975. For the reasons stated above, Perry has simply failed to do so. Accordingly, his deliberate indifference claim against Carter should be dismissed.

In sum, Perry has at most alleged disagreement with the manner in which Carter handled his kites. Because such allegations fail to state a claim for relief, *White*, 94 F. App'x 262; *Alspaugh*, 643 F.3d at 169, the Court should grant Carter's instant motion to dismiss.

## III.    CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Carter's Motion to Dismiss **(Doc. #23)** be **GRANTED**.

Dated: July 21, 2017                                                      s/David R. Grand
Ann Arbor, Michigan                                                DAVID R. GRAND
                                                                                     United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 21, 2017.

                                        s/Eddrey O. Butts
                                        EDDREY O. BUTTS
                                        Case Manager