**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BASIL PERRY, #261718

    Plaintiff,

v.                                                   Case No. 16-cv-14515
                                                   Honorable Denise Page Hood

CORIZON HEALTH, INC. and
PATRICIA A. CARTER,

    Defendants.
_____/

## ORDER ACCEPTING REPORTS AND RECOMMENDATIONS AND DISMISSING PLAINTIFF'S CAUSE OF ACTION

On December 28, 2016, Plaintiff Basil Perry filed this action pursuant to 42 U.S.C. ' 1983, alleging violations of his Eighth and Fourteenth Amendment rights. On April 19, 2017, Defendant Corizon Health, Inc. ("Corizon") filed a Motion to Dismiss (Doc No.18), which was fully briefed. Magistrate Judge David R. Grand issued a Report and Recommendation on Corizon's motion on June 13, 2017. (Doc No. 25) Plaintiff filed objections with respect to the Report and Recommendation on Corizon's motion on July 12, 2017, and Defendant filed a response to Plaintiff's objections on July 13, 2017. On June 2, 2017, Defendant Patricia A. Carter ("Carter") filed a Motion to Dismiss (Doc. No. 23), which was fully briefed. Magistrate Judge Grand issued a Report and Recommendation on Carter's motion

on July 21, 2017. (Doc. No. 29)  No objections were filed with respect to Carter's motion.  The Court will address separately each Motion to Dismiss.

**Corizon's Motion to Dismiss**

The Magistrate Judge recommends that the Court grant Corizon's Motion to Dismiss for the following reasons: (a) Corizon cannot be held vicariously liable for the constitutional violations of its agent on basis of respondeat superior; (b) Plaintiff did not allege sufficient facts to demonstrate that Corizon took deliberate action to violate his federal rights; and (c) Plaintiff did not allege sufficient facts to demonstrate an "affirmative link between the policy" of Corizon and the "constitutional violations."

Plaintiff objects to the Magistrate Judge conclusions that: (1) there was no deliberate action by Corizon; (2) Plaintiff did not assert a policy or practice that violated his constitutional right; and (3) respondeat superior is inapplicable to the case.  With respect to the first two objections, courts have held that a plaintiff must establish that a defendant had a policy, practice, or custom that resulted in the deprivation of constitutional rights. *See, e.g., Jones v. Prison Health Servs.*, No. 11-CV-12134, 2011 WL 7630364, at *2 (E.D. Mich. Dec. 14, 2011), report and recommendation adopted, No. 11-12134, 2012 WL 1048604 (E.D. Mich. Mar. 28,

2012). *See also Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) ("to satisfy the *Monell* requirements a Plaintiff 'must identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy. . ."). There must be an "affirmative link between the policy and the particular constitutional violation." *Jones*, 2012 WL 1048604, at *2. A plaintiff may not rely upon an isolated incident to establish this theory; he or she must show a pattern or repeated evidence of such conduct. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 432-33 (6th Cir. 2005).

In the present case, Plaintiff has not asserted any policy, practice, or custom of Corizon that violated his federal rights. *Esch v. County of Kent*, 2016 U.S. Dist. LEXIS 132069, at *11 (W.D. Mich. Sept. 27, 2016). Plaintiff has failed to allege any facts showing that Corizon "was aware of prior unconstitutional actions by its employees and failed to take corrective measures." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 815-16 (6th Cir. 2005). Plaintiff has failed to allege how Corizon deliberately acted or was deliberately indifferent to Plaintiff's constitutional rights. Simply disagreeing with the treatment he received does not establish that Corizon had an unconstitutional policy, practice or custom. *See, e.g., Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citation omitted). Absent evidence of a

constitutional violation, Plaintiff's claim fails as a matter of law.

As for the third objection, Plaintiff argues that respondeat superior applies because an employer or principal is liable for its employees or agents. (Doc No. 27 Pg. ID 151) This argument is not persuasive because "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. A municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978).

The Sixth Circuit has held that like a municipal corporation, a private corporation's "liability must also be premised on some policy that caused a deprivation of [a prisoner's] Eighth Amendment rights." *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001). Plaintiff has not articulated any facts showing that the alleged denial of proper treatment was the result of a policy to deny prostate treatment to prisoners. The Court concludes that Corizon is not liable under the doctrine of respondeat superior for the actions of Carter.

The Court has had an opportunity to review Corizon's Motion to Dismiss (and the related response and reply) and finds that the Magistrate Judge reached the

correct conclusions for the proper reasons. Finding no error in the Magistrate Judge's Report and Recommendation regarding Corizon's Motion to Dismiss (Doc. No. 25), the Court adopts the Report and Recommendation (Doc. No. 25) in its entirety.

## Carter's Motion to Dismiss

The Court has had an opportunity to review Carter's Motion to Dismiss (and the related response) and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. Finding no error in the Magistrate Judge's Report and Recommendation regarding Carter's Motion to Dismiss (Doc. No. 29), the Court adopts the Report and Recommendation (Doc. No. 29) in its entirety. Furthermore, as neither party has raised an objection to that Report and Recommendation (Doc. No. 29), the Court finds that the parties have waived any further objections to the Report and Recommendation (Doc. No. 29). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (a party's failure to file any objections waives his or her right to further appeal); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## Conclusion

Finding no error in the Magistrate Judge's Reports and Recommendations

(Doc. Nos. 25 and 29), the Court adopts the Reports and Recommendations as this Court's findings of fact and conclusions of law with respect to both Corizon's Motion to Dismiss and Carter's Motion to Dismiss and GRANTS both motions. As there are no remaining Defendants, the Court dismisses Plaintiff's cause of action.

For the reasons stated above,

**IT IS ORDERED** that the Report and Recommendation regarding Corizon's Motion to Dismiss [Docket No. 25, filed June 13, 2017] is **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's objection to the Report and Recommendation filed on June 13, 2017 [Dkt. No. 27] is **DENIED**.

**IT IS FURTHER ORDERED** that Corizon's Motion to Dismiss [Docket No. 18, filed April 19, 2017] is **GRANTED**.

**IT IS ORDERED** that the Report and Recommendation regarding Carter's Motion to Dismiss [Docket No. 29, filed July 21, 2017] is **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Carter's Motion to Dismiss [Docket No. 23, filed June 2, 2017] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's cause of action is **DISMISSED WITH PREJUDICE**.

IT IS ORDERED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: November 9, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 9, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager